# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| GABRIEL GRIFFIN,<br><br>                 Plaintiff,<br><br>v.<br><br>JEFFREY ZIENTEK,<br><br>                 Defendant. | Case No. 19-CV-805-JPS<br><br>**ORDER** |

On October 29, 2019, the Court screened Plaintiff's complaint and found that he failed to state any viable claims for relief. (Docket #9). The Court ordered Plaintiff to file an amended complaint to correct this error. *Id.* Plaintiff filed an amended complaint on November 19, 2019. (Docket #10). The Court proceeds to screen the amended complaint. 28 U.S.C. § 1915A. All of the same screening standards described in the Court's initial screening order apply here. (Docket #9 at 1–3).

Plaintiff alleges that Defendant, a police officer, offered false statements in an affidavit in support of a warrant application which led to the warrant being issued and executed. The affidavit in question was signed on April 11, 2018, and the resulting search occurred the next day. Plaintiff's original complaint contained the same allegations, but they were presented in a conclusory fashion. The amended complaint goes into far greater detail about the aspects of the affidavit Plaintiff believes are false or misleading.

As the Court explained in its prior screening order, "a warrant request violates the Fourth Amendment if the requesting officer knowingly, intentionally, or with reckless disregard for the truth, makes false statements in requesting the warrant and the false statements were

necessary to the determination that a warrant should issue." *Knox v. Smith*, 342 F.3d 651, 658 (7th Cir. 2003). In order to state a claim for an unlawful acquisition of a warrant, Plaintiff must allege facts that allow the Court to infer that (1) the officer made false statements; and (2) without those false statements, the warrant would have been invalid. *Olson v. Champaign Cty., Ill.*, 784 F.3d 1093, 1100–01 (7th Cir. 2015). In light of the extremely low bar of review applied at screening, the Court finds that Plaintiff's amended complaint adequately alleges elements. While many of Plaintiff's concerns with the affidavit appear to be nit-picking, rather than essential to the issuance of the warrant, the Court will leave it to Defendant to respond to the amended complaint as he deems appropriate.

Defendant will not, however, be called upon to respond yet. This action must be stayed in light of the *Heck* doctrine. Under the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), Plaintiff's claims against Defendant would be barred if they would imply the invalidity of a criminal conviction or sentence. Plaintiff is currently being prosecuted in this District for being a felon in possession of a firearm and for heroin distribution. *United States v. Gabriel Griffin*, 18-CR-73-LA (E.D. Wis.), *see e.g.*, (Docket #6, #71). That case is based upon the evidence obtained in the search stemming from the warrant that Defendant obtained with the allegedly false affidavit. *Id.* Plaintiff's assertions in this case directly question the validity of that prosecution.

Though there has not yet been a conviction or sentence in the criminal case, *Wallace* suggests that the best course of action is to stay this civil proceeding until the criminal one is completed. *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007). When that occurs, this Court will be able to determine if *Heck* bars Plaintiff's claims. *Id.* This action will, therefore, be stayed for the

pendency of Plaintiff's criminal case. He shall be required to file status reports with the Court every sixty days on the status of the criminal case. When the criminal case concludes, Plaintiff shall notify the Court within ten days.

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **STAYED**;

**IT IS FURTHER ORDERED** that Plaintiff shall file status reports with the Court in accordance with the terms of this Order; and

**IT IS FURTHER ORDERED** that the Clerk of the Court shall administratively close this action.

Dated at Milwaukee, Wisconsin, this 20th day of February, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge